IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Peggy S. Kandies, | ) | Civil Action No. 2:21-3673-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Liberty Mutual Insurance, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the amended complaint be dismissed for lack of subject matter jurisdiction. (Dkt. No. 19.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses all claims without prejudice and without issuance and service of process.

**I.    Background**

Plaintiff proceeds pro se to allege that Defendants, employees of the City of North Charleston, unlawfully harassed her by demanding that she remove fire hazard debris and junk from inside and outside her home, which has been cited by the City of North Charleston for health and safety ordinance violations, and that Defendant Liberty Mutual Insurance breached its coverage agreement by failing to cover her property damage claims and provide her with temporary housing. Plaintiff alleges that the basis of subject matter jurisdiction is complete diversity of citizenship. She brings causes of action that, when afforded an appropriately liberal construction for a pro se litigant, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), appear to be for "fraud," "perjury," "elder abuse," violation of "constitutional rights," as well as breach of a coverage agreement by the insurance company. (Dkt. No. 17 at 3, 9.) The Magistrate Judge

1

recommends that the claims be dismissed sua sponte for lack of subject matter jurisdiction, to which Plaintiff objects. (Dkt. No. 21.)

**II.      Legal Standard**

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**III.     Discussion**

The federal district court has limited jurisdiction over an action and there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Rather, the plaintiff must allege the basis for jurisdiction in the pleadings, which the district court reviews in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 8(a)(1) (requiring that the complaint include "a short and plain statement of the grounds for the court's jurisdiction"). Subject matter jurisdiction can be primarily on the basis of federal question pursuant to 28 U.S.C. § 1331 or complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff's amended complaint, reviewed in a light most favorable to her and afforded an appropriately liberal construction, does not sufficiently allege a basis for this Court's jurisdiction

over the purported causes of action. As to diversity jurisdiction, Plaintiff alleges that she is a resident of North Charleston in South Carolina, that the individual defendants are employees of the City of North Charleston and therefore are presumably residents of South Carolina, that Defendant Liberty Mutual Insurance is located in Boston, Massachusetts, and Defendant Safeco is located in Phroop, Pennsylvania. (Dkt. No. 1 at 2-3.) Complete diversity of citizenship among the parties is, therefore, lacking. As to federal question jurisdiction, Plaintiff's claims appear to sound in tort and her passing reference to a violation of "constitutional rights" is insufficient to present the basis of jurisdiction. The Magistrate Judge previously advised Plaintiff of this analysis and the relevant law in a November 2021 Proper Form Order. (Dkt. No. 8.) Plaintiff has already amended her complaint, after receiving that notice and guidance and, therefore, any further leave to amend to allege subject matter jurisdiction would likely be futile. The Court has carefully reviewed Plaintiff's objection to the R & R (Dkt. No. 21) and finds that the arguments raised do not alter the Court's analysis as to subject matter jurisdiction.

### IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R (Dkt. No. 19) as the order of the Court. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 14, 2022
Charleston, South Carolina

3